UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD AND JERRY ANN VEALS | CIVIL ACTION |
| VERSUS | NO: 09-1845 |
| ALLSTATE INSURANCE COMPANY | SECTION: R |

## ORDER AND REASONS

Before the Court is defendant Allstate Insurance Company's Motion for Summary Judgment.[1] For the following reasons, the motion is GRANTED.

## I. Background

Plaintiffs, Donald and Jerry Ann Veals, own property in Kenner, Louisiana, which was insured by a flood policy issued by Allstate. Allstate issued this policy as a participant in the National Flood Insurance Program, under which flood policies are issued and adjusted by private insurers, although the payments ultimately come from the United States treasury.[2] Furthermore, the policies are drafted by the Federal Emergency Management Agency and cannot be altered by the insurance company without

---

[1] (R. Doc. 19.)

[2] *See generally* 44 C.F.R. § 62.23; *see also Dwyer v. Fidelity Nat. Prop. & Cas. Co.*, 565 F.3d 284, 285 (5th Cir. 2009).

1

governmental approval.[3]

The Veals allege that their property suffered significant flood damage during Hurricane Katrina, and that an Allstate adjustor significantly undervalued these damages.[4] The Veals brought suit against Allstate for failure to pay the full amount of their damages. Allstate now moves for summary judgment, asserting that the Veals did not comply with the mandatory requirements of the flood policy.

**II. Legal Standard**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[5] When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[6] All reasonable inferences are drawn in favor of the

---

[3] 44 C.F.R. §§ 61.4(b), 61.13(d); *see also Dwyer*, 565 F.3d at 285.

[4] (R. Doc. 1 at 2.)

[5] Fed. R. Civ. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[6] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).

nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[7]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[8] The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[9]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[10] The burden then shifts to the nonmoving party, who must, by submitting or referring to

---

[7] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[8] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991).

[9] *Id.* at 1265.

[10] *See Celotex*, 477 U.S. at 325.

evidence, set out specific facts showing that a genuine issue exists.[11] The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial.[12]

## III. Analysis

The Standard Flood Insurance Policy ("SFIP"), which is the policy drafted by FEMA and issued by private insurers, contains the following provisions:

**J. Requirements in Case of Loss**

In case of a flood loss to insured property, you must:

1. Give prompt written notice to us;

2. As soon as reasonably possible separate the damaged and undamaged property, putting it in the best possible order so that we may examine it;

3. Prepare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss. Attach all bills, receipts, and related documents;

4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:

   a. The date and time of loss;

---

[11] *See id.* at 324.

[12] *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075; *Isquith ex rel. Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 198 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988).

4

>           . . .
>
>           f. Specifications of damaged buildings and
>           detailed repair estimates;
>
>           . . .
>
>           i. The inventory of damaged personal property
>           described in J.3 above.
>
>   **R. Suit Against Us**
>
>        You may not sue us to recover money under this
>   policy unless you have complied with all the
>   requirements of the policy.  If you do sue, you must
>   start the suit within one year after the date of the
>   written denial of all or part of the claim, and you
>   must file the suit in the United States District Court
>   of the district in which the covered property was
>   located at the time of loss.  This requirement applies
>   to any claim that you may have under this policy and to
>   any dispute that you may have arising out of the
>   handling of any claim under the policy.[13]

Courts interpret and enforce the SFIP provisions strictly.[14]

Therefore, "an insured's failure to provide a complete, sworn

proof of loss statement, as required by the flood insurance

policy, relieves the federal insurer's obligation to pay what

otherwise might be a valid claim."[15]

On August 31, 2005, after Hurricane Katrina, the Acting

---

[13]   44 C.F.R. Pt. 61, App. A(1).

[14]   *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998); *Foman v. Fed'l Emergency Mgmt. Agency*, 138 F.3d 543, 545 (5th Cir. 1998).

[15]   *Gowland*, 143 F.3d at 954; *see also Marseilles Homeowners Condo. Ass'n, Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1055 (5th Cir. 2008) (per curiam).

5

Federal Administrator extended to one year the deadline from section J(4) of the SFIP requiring an insured to submit a sworn proof of loss within sixty days of the loss.[16] During this period, FEMA waived the usual proof-of-loss requirement if the policy holder agreed to the report of the insurer's adjuster. This extension, however, did not affect the requirement that the insured submit a sworn proof-of-loss if he "'disagree[d] with the insurer's adjustment, settlement, or payment of the claim.'"[17] Thus, when the insured disputes the report of the insurer's adjuster, the insured must submit a sworn proof of loss within one year of the date of the loss, or the insured is foreclosed from suing under the policy.[18]

Here, the Veals' claim appears to have fallen within the post-Katrina period in which the Federal Insurance Administrator extended the 60-day deadline in section J(4) and the Veals dispute the amount Allstate paid for flood damage to their property.[19] Thus, the Veals must have submitted a sworn proof of loss statement in order to file a lawsuit under their SFIP.

---

[16] *See* (R. Doc. 19-4 at 18 (affidavit of Jason Raske)); *see also* R. Doc. 19-6 (copy of August 31, 2005 memo of Acting Federal Insurance Administrator David Maurstad).

[17] *Marseilles*, 542 F.3d at 1057 (quoting FEMA Memo).

[18] *Marseilles*, 542 F.3d at 1056-58; *see also Richardson v. Am. Bankers Ins. Co. of Fla.*, 279 Fed. App'x 295, 298-99 (5th Cir. 2008) (per curiam).

[19] (R. Doc. 20.)

Allstate contends that the Veals have failed to meet the proof-of-loss requirements of the SFIP. Specifically, it provides an affidavit from an Allstate Flood Field Manager and custodian of the Veals' claims file. This affidavit states that the Veals have not provided Allstate with a proof of loss, nor have they submitted any documentation to indicate that the government waived their obligation to submit a proof of loss.[20]

The Veals filed a response to this motion, but they pointed to no evidence that might raise a genuine issue of material fact about the accuracy of these statements.[21] Instead, the Veals argue that Allstate "could grant a waiver" of the proof of loss requirement, thus creating a genuine issue of material fact.[22] This argument lacks merit for two reasons. First, the Veals do not allege that Allstate granted a waiver. Second, Allstate cannot waive any requirements of the SFIP without express written consent of the Federal Insurance Administrator, which did not occur.[23] The Ninth Circuit case the Veals cite in support of their argument is not precedential and in contradiction to Fifth Circuit case law. In particular, in *Marseilles Homeowners Condo. Ass'n, Inc.*, the Fifth Circuit held that it is the insured's duty

---

[20] *See* R. Doc. 19-4 (affidavit of Jason Raske).

[21] (R. Doc. 20.)

[22] *Id.*

[23] 44 C.F.R. § 61, app. A(2), art. VII(D).

to timely submit a signed and sworn proof of loss, and that FEMA cannot be estopped from insisting on a proof of loss because of action by its private insurer.[24] Lastly, The Fifth Circuit has rejected the Veals argument that they have suffered constitutional injuries absent a finding of waiver or satisfaction of the proof of loss requirement.[25] Accordingly, the uncontested facts indicate that plaintiff did not submit a sworn proof of loss in accordance with the SFIP, and Allstate is entitled to summary judgment.

**IV. Conclusion**

For the foregoing reason, Allstate's motion for summary judgment is GRANTED.

New Orleans, Louisiana, this __10th__ day of June, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[24] *See Marseilles*, 542 F.3d 1053.

[25] *See Wienjtes*, 2009 WL 2391407 at *3; *see also Dupuy v. Fid. Nat'l Prop. & Cas. Ins. Co.*, No. 07-4661, 2009 WL 82555, at *3 n.5 (E.D.La. Jan. 12, 2009; *Howell v. State Farm Ins. Cos.*, 540 F.Supp.2d 6621, 633 (D.Md. 2009); *Schumitzki v. Dir., FEMA*, 656 F.Supp. 430, 433 (D.N.J. 1987).